The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on August 26, 2016, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: August 26, 2016**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 16-10148 |
| | ) | |
| GEORGE S. HUMBERT, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

MEMORANDUM OF OPINION[1]

This case is currently before the Court on the debtor's Motion for Sanctions for Violation of the Automatic Stay (Docket No. 18) stemming from creditor Kurt Kluznik filing an eviction action and making related collection efforts against the debtor in violation of the automatic stay. For the reasons that follow, the Court orders Kurt Kluznik to pay the debtor attorney's fees in the amount of $930. The Court denies the debtor's request to award noneconomic and punitive damages at

---

[1] This opinion is not intended for official publication.

this time but may reconsider an award of punitive damages if Kurt Kluznik does not dismiss the eviction action within 30 days of the date of this order.

## JURISDICTION

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order 2012-7 of the United States District Court for the Northern District of Ohio.

## BACKGROUND

On January 13, 2016, the debtor filed the above-captioned voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The debtor listed his residential lease of 70 Keewaydin Drive, Timberlake, Ohio, from Welcome Home of N.E. Ohio ("Welcome Home") on the debtor's Schedules E/F and G. Creditor Kurt Kluznik is the owner/agent of Welcome Home, and the debtor informed Kluznik of the debtor's bankruptcy at some point after the petition was filed.

On February 8, 2016, without filing first for relief from stay, Kluznik initiated an eviction action against the debtor in Willoughby Municipal Court (Willoughby Municipal Court Case No. 16CVF00182). The debtor filed a Notice of Bankruptcy Proceeding and Automatic Stay in the Willoughby Municipal Court on February 12, 2016, and Judge Harry E. Field stayed the eviction proceeding as

to the debtor on February 19, 2016.

On March 4, 2016, Kluznik filed a Motion for Relief from Stay and Abandonment for Eviction Purposes (Docket No. 9). On April 12, 2016, the debtor objected, (Docket No. 17), and filed the motion for sanctions that is now pending before the Court. (Docket No. 18). In his motion for sanctions, the debtor alleges that Kluznik violated the automatic stay by filing the eviction action and continuing to contact the debtor "seeking payment and restitution of the premises via telephone calls, voicemail and text messages." *Id.* After filing several motions in error, Kluznik withdrew his Motion for Relief from Stay and Abandonment on April 19, 2016, (Docket Nos. 21, 23, 24, 25, and 26), perhaps because the owner of the 70 Keewaydin Drive property is Welcome Home, as opposed to Kluznik individually. (Docket No. 17 p. 5).

A hearing on the debtor's motion for sanctions was scheduled for May 17, 2016. The hearing was not held because Kluznik did not submit a response to the debtor's motion for sanctions. On May 31, 2016, the Court issued a Scheduling Order (Docket No. 31). The debtor was instructed to submit a detailed fee application and itemize any other claim for damages under 11 U.S.C. § 362(k) on or before July 1, 2016. On July 1, 2016, the debtor filed a Certification of Damages (Docket No. 33) requesting $1,680 in attorney's fees and

3

an unspecified amount of noneconomic damages. The debtor also seeks punitive damages and an order prohibiting Kluznik from seeking any rent or other claims arising out of the debtor's tenancy at 70 Keewaydin Drive. Kluznik was given until July 22, 2016, to file an optional response. Both parties were given until July 29, 2016, to request an evidentiary hearing. Kluznik did not file a response, neither party requested a hearing, and the matter was taken under advisement.

## DISCUSSION

The Court may impose damages for violations of the automatic stay under 11 U.S.C. § 362. The filing of a bankruptcy petition gives rise to the automatic stay. The automatic stay prohibits "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title," as well as "any act to obtain possession of property of the estate or . . . to exercise control over property of the estate . . . [or] to collect, assess, or recover a claim against the debtor that arose before the commencement of the case." 11 U.S.C. § 362(a)(1), (3) and (6). Subsection 362(k)(1) (formerly subsection 362(h) prior to the 2005 bankruptcy amendments) provides:

> . . . an individual injured by any willful violation of a stay provided
> by this section shall recover actual damages, including costs and
> attorneys' fees, and, in appropriate circumstances, may recover

4

punitive damages.

A creditor willfully violates the stay if the creditor knows of the stay and violates the stay with an intentional act. *See In re Sharon,* 234 B.R. 676, 687-88 (B.A.P. 6th Cir. 1999) (upholding a bankruptcy court's imposition of damages against a creditor that refused to return a repossessed car postpetition). *See also In re Grine*, 439 B.R. 461, 466 (Bankr. N.D. Ohio 2010). "A 'willful violation' does not require proof of a specific intent to violate the stay, but rather 'an intentional violation by a party aware of the bankruptcy filing.' " *In re Baer*, Adv. No. 10-2062, 2011 WL 3667511, *4 (Bankr. E.D. Ky. Aug. 22, 2011) (quoting *In re Sharon*, 234 B.R. at 687).

Under 11 U.S.C. § 362(k)(1), the individual seeking damages has the burden of establishing three elements by a preponderance of the evidence: (1) the actions taken were in violation of the automatic stay; (2) the violation was willful; and (3) the violation caused actual damages. *See In re Collett*, No. 13-8033, 2014 WL 2111309, *4 (B.A.P. 6th Cir. May 21, 2014) (slip copy) (citations omitted). *See also In re Pawlowicz,* 337 B.R. 640, 646 (Bankr. N.D. Ohio 2005); *In re Swartzentruber*, No. 13-61147, 2014 WL 2930450, *1 (Bankr. N.D. Ohio June 27, 2014). Under § 362(k), damages must be proven with reasonable certainty and cannot be based on conjecture or speculation. *See Archer v.*

*Macomb County Bank (In re Archer)*, 853 F.2d 497, 499-500 (6th Cir. 1988). As the party seeking damages, the debtor has the burden of proving entitlement to damages. *In re Sharon*, 234 B.R. at 687.

The Court must decide: (1) whether the creditor's actions constitute a violation of section 362; (2) if the creditor has violated section 362, whether such violation was willful; and (3) whether the debtor is entitled to damages, including attorney's fees.

*KLUZNIK VIOLATED THE AUTOMATIC STAY BY FILING AN EVICTION ACTION AND BY CONTACTING THE DEBTOR SEEKING PAYMENT AND RESTITUTION OF THE PREMISES WITHOUT FIRST OBTAINING RELIEF FROM STAY*

The Court's first inquiry is whether the creditor's actions violated the automatic stay. The filing of the debtor's voluntary petition stayed "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title," as well as "any act to obtain possession of property of the estate or . . . to exercise control over property of the estate . . . [or] to collect, assess, or recover a claim against the debtor that arose before the commencement of the case." 11 U.S.C. § 362(a)(1), (3), and (6). The debtor asserts that the creditor violated the automatic stay by filing an eviction action without first

6

obtaining relief from stay and by seeking to collect from the debtor during the pendency of the debtor's bankruptcy case.

Schedule G of the debtor's voluntary petition shows that, on the date the petition was filed, the debtor held an unexpired residential lease with Welcome Home. As such, the debtor's leasehold of 70 Keewaydin Drive was property of the estate. Additionally, Schedule E/F of the debtor's voluntary petition listed Welcome Home as holding a nonpriority unsecured claim against the debtor in the amount of $9,000 for rent. The stay arose when the petition was filed on January 13, 2016, and remained in effect until April 27, 2016, when the debtor received his discharge. 11 U.S.C. § 362(c)(2)(C). In the case of an unexpired lease for residential property, the trustee has sixty days from the order for relief to either assume or reject the lease, or else the lease is deemed rejected. 11 U.S.C. § 365(d)(1). Here, the Chapter 7 trustee did not assume the unexpired lease within the sixty-day window provided in section 365(d)(1), and the lease was deemed rejected by the trustee. On February 8, 2016, Kluznik, apparently acting in his capacity as owner/agent of Welcome Home, filed the eviction action against the debtor. Because the eviction action could have been commenced prior to the debtor's bankruptcy, Kluznik violated the automatic stay by filing this action. *See* 11 U.S.C. § 362(a)(1).

The debtor also asserts that Kluznik "continues to contact Mr. Humbert seeking payment and restitution of the premises via telephone calls, voicemail and text messages." (Docket No. 18 p. 1). Such actions also constitute violations of the automatic stay.

*KLUZNIK WILLFULLY VIOLATED THE AUTOMATIC STAY*

"A violation of the automatic stay can be willful when the creditor knew of the stay and violated the stay by an intentional act." *In re Sharon,* 234 B.R. at 688. "As used in [current subsection 362(k)], 'willful,' unlike many other contexts, does not require any specific intent." *In re Bivens*, 324 B.R. 39, 42 (Bankr. N.D. Ohio 2004). *See In re Sharon*, 234 B.R. at 687-88 (creditor's belief that its action would not violate stay does not preclude a finding that creditor's action was "willful" within meaning of section 362(k)). *See also Johnston Envtl. Corp. v. Knight (In re Goodman)*, 991 F.2d 613, 618 (9th Cir. 1993); *Lansdale Family Rests., Inc. v. Weis Food Serv. (In re Lansdale Family Rests., Inc.),* 977 F.2d 826, 829 (3d Cir. 1992). The debtor bears the burden of establishing by a preponderance of the evidence that the violation of the automatic stay was willful. *See In re Johnson,* 501 F.3d 1163, 1172 (10th Cir. 2007).

It does not appear that Kluznik knew of the debtor's bankruptcy at the time Kluznik filed the eviction action. Although the debtor asserts that he personally

8

16-10148-aih    Doc 35    FILED 08/26/16    ENTERED 08/26/16 16:00:37    Page 8 of 16

advised Kluznik of the bankruptcy proceeding, the debtor does not say when this occurred. Furthermore, the debtor listed Welcome Home's address on his bankruptcy schedules as "1440 N. Ridge Road, Painesville, OH 44077." The Notice of Chapter 7 Bankruptcy Case was mailed by the Bankruptcy Noticing Center to the 1440 N. Ridge Road address on January 17, 2016, (Docket No. 6), but was returned as undeliverable on February 4, 2016. Finally, the complaint and three-day notice from the Willoughby Municipal Court – dated February 2, 2016, and attached as an addendum to the debtor's motion for sanctions – shows Kluznik's address as "1447 N. Ridge Rd., Painesville, OH 44077." (Docket No. 18 pp. 3-4). It does not appear that Kluznik had notice of the debtor's bankruptcy until shortly after February 12, 2016, when the debtor filed a notice of bankruptcy in Willoughby Municipal Court and mailed a copy of the same to Kluznik at the 1447 N. Ridge Road address. While it is certainly possible that the debtor informed Kluznik of the bankruptcy before February 12, 2016, it is the debtor's duty to establish this element by a preponderance of the evidence. In this case, the debtor has not done so. Nor has the debtor requested an evidentiary hearing when given the opportunity to do so. Therefore, none of Kluznik's actions prior to February 12, 2016, were "willful" under 11 U.S.C. § 362(k).

    No evidence suggests that Kluznik took further steps to prosecute the

eviction once Kluznik learned of the debtor's bankruptcy shortly after February 12, 2016; however, there is also no evidence that Kluznik moved to voluntarily dismiss the eviction action. Instead, the eviction action was stayed a week later on February 19, 2016. When a creditor violates the automatic stay by taking postpetition collection actions, even without knowledge of the bankruptcy proceeding, there is an affirmative duty to restore the status quo. *See Smith v. First America Bank, N.A. (In re Smith)*, 876 F.2d 524, 527 (6th Cir. 1989) (ordering that proceeds of foreclosure sale that creditor held in violation of the automatic stay be returned to the estate even though creditor was unaware of the bankruptcy at the time of the sale). *See also In re Bennett*, 135 B.R. 72, 76 (Bankr. S.D. Ohio 1992). "To avoid violating § 362(a), a creditor is not only required to refrain from certain activity, but may be required to take affirmative action." *In re Horace*, Case No. 14-30103, 2015 WL 5145576, at *4 (Bankr. N.D. Ohio Aug. 28, 2015). "While the Court does not expect instantaneous compliance with section 362 upon receipt of notice [of the bankruptcy], the Court does expect those acts which violate the automatic stay to be stopped and/or corrected within a reasonable time." *Dawson v. J & B Detail, LLC (In re Dawson)*, Adv. No. 05-1463, 2006 WL 2372821, at *8 (Bankr. N.D. Ohio Aug. 15, 2006).

    In this case, Kluznik filed the state-court eviction action after the automatic

stay arose. In order to restore the status quo, Kluznik should have taken the affirmative step of dismissing the eviction action within a reasonable time after receiving notice of the debtor's bankruptcy and being apprised that the eviction action was filed in violation of the automatic stay. Alternatively, Kluznik could have sought an order annulling or modifying the automatic stay in a manner that would have permitted him to move forward with the pending eviction action as if there had been no automatic stay. *See* 11 U.S.C. § 362(d). *Cf. In re Schang*, No. 14-CV-14119, 2015 WL 3441178, at *5 (E.D. Mich. May 28, 2015) (requiring creditor to "not only cease any collection efforts" but also administratively close a prepetition state-court case "does more than return [the debtor] to the status quo ante"). Kluznik also willfully violated the automatic stay by contacting the debtor seeking payment and restitution of the premises after receiving notice of the debtor's pending bankruptcy.

### *THE DEBTOR IS ENTITLED TO ACTUAL DAMAGES FOR KLUZNIK'S VIOLATION OF THE AUTOMATIC STAY*

An award of actual damages is mandatory if the stay violation is willful. *In re Bivens*, 324 B.R. at 42; *In re Johnson,* 253 B.R. 857, 861 (Bankr. S.D. Ohio 2000). *See United States v. Harchar*, 331 B.R. 720, 724 (N.D. Ohio 2005) (costs and attorney's fees are included as actual damages for violation of the stay); *In re*

*Sharon*, 234 B.R. at 687-88 (upholding a bankruptcy court's imposition of damages against a creditor for violation of the automatic stay). The debtor seeks attorney's fees as well as noneconomic and punitive damages. The debtor filed a fee application that itemized $1,680 in attorney's fees and claimed an unspecified amount of noneconomic damages. (Docket No. 33). As noted previously, the Court finds by a preponderance of the evidence that Kluznik did not know of the debtor's bankruptcy until shortly after February 12, 2016, when the debtor filed a notice of bankruptcy in Willoughby Municipal Court and mailed a copy of the notice to Kluznik at 1447 North Ridge Road. Therefore, none of Kluznik's actions prior to February 12, 2016, were "willful" under 11 U.S.C. § 362(k). Accordingly, the Court will only award attorney's fees for time spent after Kluznik had notice of the debtor's pending bankruptcy case shortly after February 12, 2016. The Court will therefore exclude compensation for services rendered on February 2, 4, 11, and 12, or a total of $510. The Court will also exclude $240 for time spent responding to Kluznik's motion for relief from stay. Because the remainder of the debtor's fee application appears to be reasonable and has not been challenged by Kluznik, the Court awards the debtor $930 in attorney's fees.

*THE DEBTOR IS NOT ENTITLED TO NONECONOMIC DAMAGES*

The Court notes that there is some controversy as to whether emotional damages can be recovered under § 362(k). *Compare In re Cousins*, 404 B.R. 281, 290 (Bankr. S.D. Ohio 2009) ("[T]here is some question as to whether emotional damages are compensable under § 362(k)."), *and Harchar*, 331 B.R. at 728 (N.D. Ohio 2005) (noting circuit split but holding that emotional damages are not compensable for violations of the automatic stay), *with Bankers Healthcare Grp., Inc. v. Bilfield (In re Bilfield)*, 494 B.R. 292, 303-04 (Bankr. N.D. Ohio 2013) (noting circuit split but opining in dicta that "emotional distress damages are actual damages that can be recovered for a stay violation"). *See also Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1269-71 (11th Cir. 2014) (discussing split among circuit courts and concluding that emotional distress damages are compensable under § 362(k)). However, this split of authority is irrelevant for the resolution of this matter. Even if emotional damages can be recovered for violations of the automatic stay, the debtor presented insufficient evidence that as a result of Kluznik's violation of the automatic stay he suffered more than "fleeting and inconsequential distress, embarrassment, humiliation, and annoyance." *In re Hedetneimi*, 297 B.R. 837, 842 (Bankr. M.D. Fla. 2003). *See Cousins*, 404 B.R. at 290-91 (collecting cases).

*THE DEBTOR IS NOT ENTITLED TO PUNITIVE DAMAGES*

A party injured by a willful violation of the stay may recover punitive damages in appropriate circumstances; the debtor must show that the "creditor's conduct was 'egregious, vindictive, or intentionally malicious.' " *In re Bilfield*, 494 B.R. at 304 (quoting *In re Bivens,* 324 B.R. at 42). *See also Weary v. Poteat*, 627 F. App'x 475, 477 (6th Cir. 2015) ("[t]his, frankly, is the most egregious automatic stay case that I've heard since I've been on the bench and I've been on the bench a long time") (quoting the bankruptcy court transcript at page 16). "While proof of an overt wrongful intent is not required, it must be shown that the creditor acted in bad faith or otherwise undertook its actions in reckless disregard of the law." *Bivens*, 324 B.R. at 42. An award of punitive damages is within the bankruptcy court's discretion where actual damages are an insufficient deterrent to further violations. *See Archer*, 853 F.2d at 500.

The Court declines to award punitive damages at this time. Imposing punitive damages on a creditor "is not an action to be taken lightly." *Bivens*, 324 B.R. at 42. The creditor's conduct in this case, although willful, does not appear to have been egregious, vindictive, or intentionally malicious. Furthermore, the Court believes that the award of actual damages is sufficient to deter future violations of the automatic stay. *See Archer*, 853 F.2d at 500.

Provided Kluznik dismisses his pending eviction action within 30 days from the date of this order, the Court will decline to award punitive damages.

*FUTURE PROCEEDINGS FOR EVICTION OR TO RECOVER RENT*

The debtor also seeks an order prohibiting Kluznik from seeking any rent or other claims arising out of the debtor's tenancy at 70 Keewaydin Drive.  As previously discussed, the automatic stay terminated on April 27, 2016, by operation of 11 U.S.C. §362(c)(2)(C).  Therefore, any further efforts by Kluznik to evict the debtor from the 70 Keewaydin Drive property would not be in violation of the automatic stay.  However, to proceed with an eviction action against the debtor, Kluznik must refile a new eviction action with proper notice to the debtor; Kluznik cannot get a "jump start" on the eviction by violating the automatic stay. *See Easley v. Pettibone Michigan Corp.*, 990 F.2d 905, 909 (6th Cir. 1993) ("actions taken in violation of the stay are invalid and voidable and shall be voided absent limited equitable circumstances"). *Cf. Hallstrom v. Tillamook County*, 493 U.S. 20 (1989) (failure to meet mandatory condition precedent to commencing suit requires dismissal of lawsuit and restarting process, not merely holding action in abeyance).  Given the debtor's discharge, any such eviction action would be limited to restitution of the premises and would not include a money judgment.

CONCLUSION

For the reasons stated above, the Court orders creditor Kurt Kluznik to pay the debtor attorney's fees in the amount of $930.  The Court declines to award punitive damages at this time but may reconsider such an award if Kurt Kluznik does not dismiss the eviction action within 30 days of the date of this order.

IT IS SO ORDERED.