**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on February 16, 2017, which may be different from its entry on the record.**

**IT IS SO ORDERED.**

**Dated: February 16, 2017**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 16-10148 |
| | ) | |
| GEORGE S. HUMBERT, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

## MEMORANDUM OF OPINION[1]

In this Chapter 7 case, the debtor, George S. Humbert, seeks a determination that a creditor and former landlord, Welcome Home of Northeast Ohio, LLC, is willfully violating the discharge injunction by pursuing a claim in state court against the debtor for postpetition rent. For the reasons that follow, the Court agrees and holds that the creditor's action for postpetition rent constitutes a violation of the discharge injunction. In addition, absent a stay of this order

---

[1] This Opinion is not intended for official publication.

pending postjudgment relief or appeal, the Court orders the creditor to dismiss the state court action and pay the debtor $900 within thirty days of the date of this order.

## JURISDICTION

The Court has jurisdiction over this matter. A determination as to whether certain conduct violates the discharge injunction is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (O). *In re Hager*, 510 B.R. 131, 133 (Bankr. W.D. Mich. 2014) . This Court has jurisdiction over core proceedings pursuant to 28 U.S.C. §§ 157(a) and 1334 and Local General Order No. 2012-7, entered by the United States District Court for the Northern District of Ohio.

## PROCEDURAL HISTORY

On January 13, 2016, the debtor filed the above-captioned voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The debtor listed his residential lease of 70 Keewaydin Drive, Timberlake, Ohio, from Welcome Home of Northeast Ohio on his Schedules E/F and G. Creditor Kurt Kluznik is the owner/agent of Welcome Home of Northeast Ohio, and the debtor informed Kluznik of the debtor's bankruptcy at some point after the petition was filed. On February 22, 2016, a meeting of creditors was held pursuant to 11 U.S.C. § 341(a), and, on February 23, 2016, the Chapter 7 trustee filed a report of no distribution (Docket No. 8).

2

On February 8, 2016, without filing first for relief from stay, Kluznik initiated an eviction action against the debtor in Willoughby Municipal Court (Willoughby Municipal Court Case No. 16CVF00182). The debtor filed a Notice of Bankruptcy Proceeding and Automatic Stay in the Willoughby Municipal Court on February 12, 2016, and Judge Harry E. Field stayed the eviction proceeding as to the debtor on February 19, 2016.

On March 4, 2016, Kluznik filed a Motion for Relief from Stay and Abandonment for Eviction Purposes (Docket No. 9). On April 12, 2016, the debtor objected, (Docket No. 17), and filed a motion for sanctions (Docket No. 18). After filing several motions in error, Kluznik withdrew his Motion for Relief from Stay and Abandonment on April 19, 2016 (Docket Nos. 21, 23, 24, 25, and 26). On April 27, 2016, the debtor received an order of discharge.

On August 26, 2016, this Court held that Kluznik had violated the automatic stay by filing the first eviction action and making related collection efforts against the debtor. The Court ordered Kluznik to pay the debtor attorney's fees in the amount of $930 (Docket No. 35). The Court denied the debtor's request to award noneconomic and punitive damages at that time but left open the option of additional damages if Kluznik did not dismiss the eviction action within 30 days

3

of the date of that order.  In a section of the opinion entitled "*FUTURE PROCEEDINGS FOR EVICTION OR TO RECOVER RENT*" the Court cautioned: "to proceed with an eviction action against the debtor, Kluznik must refile a new eviction action with proper notice to the debtor . . . .  Given the debtor's discharge, any such eviction action would be limited to restitution of the premises and would not include a money judgment" (Docket No. 35 at 15).

Meanwhile, on July 19, 2016, the creditor filed another eviction action in Willoughby Municipal Court (Case No. 16CVG01190).  The debtor vacated the premises on or before July 31, 2016, but the creditor did not dismiss the state court action.  On August 1, 2016, the debtor filed his Notice of Bankruptcy Discharge and Injunction in the state court.  Notwithstanding the cautionary language in this Court's August 26, 2016, decision, and without first seeking clarification from this Court, on September 23, 2016, the creditor moved in state court for leave to file an amended complaint seeking money damages against the debtor for the time that the debtor remained on the premises after his bankruptcy discharge.

On October 28, 2016, the debtor filed a motion for contempt and to show cause to enforce the discharge injunction against the creditor (Docket No. 40).  On December 20, 2016, the Court heard argument on the debtor's motion and the creditor's brief in opposition (Docket No. 42), first supplemental brief in

4

opposition (Docket No. 43), and second supplemental brief in opposition

(Docket No. 44). The parties agreed to file joint stipulations of fact and additional

briefing, after which the matter would be ready for the Court to decide. The

parties did not request an evidentiary hearing. The parties filed joint stipulations

of fact on January 6, 2017 (Docket No. 47). The parties further agreed to request

that the state court not proceed on the creditor's claim for postpetition rent until

this Court first determined whether such a claim survived the debtor's discharge.

## STIPULATIONS OF FACT

In this proceeding, the parties agreed to have the Court decide the claims

based on the parties' joint stipulations of fact without any witnesses. To the extent

that the Court has drawn inferences based on the parties' stipulations, any such

inferences reflect the Court's weighing of the evidence.

The parties submitted the following stipulations:

A. Debtor filed his voluntary petition under Chapter 7 of the Bankruptcy Code on January 13, 2016, Case No. 16-10148, in the United States Bankruptcy Court, Northern District of Ohio (Doc 1).

B. Prior to the filing of Debtor's case, Debtor and Creditor had entered into a residential lease for the premises owned by the Creditor at 70 Keewaydin Drive, Timberlake, OH 44095 (the "Premises").

C. The Statement of Intention (Official Form 108) in Debtor's bankruptcy petition stated that he would assume his unexpired lease of the Premises with the Creditor.

5

D. Debtor's 341 Meeting of Creditors was held and concluded on February 22, 2016.

E. The Chapter 7 Trustee filed a Report of No Distribution on February 23, 2016 (Doc 8), and neither Debtor nor the Trustee assumed the residential lease of the Premises with the Creditor.

F. Debtor's Discharge was entered on April 27, 2016 (Doc 29).

G. Debtor continued to occupy the Premises after the entry of his Discharge on April 27, 2016.

H. On July 19, 2016, the Creditor filed its Complaint for Restitution of the Premises (eviction only) against Debtor in the Willoughby Municipal Court.

I. On August 1, 2016, Debtor filed and served his Notice of Bankruptcy Discharge and Injunction in the Willoughby (Ohio) Municipal Court.

J. Debtor vacated the Premises on or before July 31, 2016, and filed his Notice of Change of Address with the Court on September 6, 2016 (Doc 39).

K. On August 17, 2016, the Willoughby Municipal Court entered an order for restitution of the Premises in favor of the Creditor.

L. On September 23, 2016, the Creditor filed its "Motion for Leave to Amend Complaint, Second Cause of Action, Instanter, and Reply to Notice of Bankruptcy Discharge and Injunction; Motion for Scheduling of Hearing on Damages" in the Willoughby Municipal Court.

M. Following a hearing held October 17, 2016 before the Willoughby Municipal Court, the Creditor's Motion for Leave to Amend Complaint, Instanter, was granted on November 8, 2016.

N. The Creditor's Amended Complaint seeks monetary damages for Debtor's occupancy of the Premises from the day after his discharge (*i.e.*, April 28, 2016) until he vacated on or before July 31, 2016.

6

O. Debtor filed his Motion for Contempt and to Show Cause to Enforce Discharge Injunction Against Welcome Home of Northeast Ohio, Inc. (the "Creditor") on October 28, 2016 (Doc 40).

[P.] On November 22, 2016, the Creditor filed its Reply to Motion to Show Cause as to Enforce Discharge Injunction (Doc 42), and a Supplemental Brief on November 29, 2016 (Doc 43).

[Q.] On December 16, 2016, the Creditor filed its Supplemental Objection to [Motion to] Show Cause to Enforce Discharge Injunction (Doc 44).

## DISCUSSION

The debtor requests that the Court: (1) find the creditor in contempt of court for willfully violating the discharge injunction under 11 U.S.C. § 524(a)(2)-(3); and (2) enter a monetary judgment against the creditor and in favor of the debtor for compensatory damages, punitive damages, and attorney's fees for contempt of court.  11 U.S.C. § 524 provides in pertinent part:

> (a) A discharge in a case under this title –
> . . . .
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived . . . .

A debtor may bring an action in civil contempt if a party violates the discharge injunction of § 524(a)(2).  *See Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421-23 (6th Cir. 2000); *Lover v. Rossman & Co. (In re Lover)*, 337 B.R. 633 (Bankr. N.D. Ohio 2005).  The debtor must prove that the creditor's action

7

violated the discharge injunction and that the creditor had specific knowledge of the bankruptcy discharge.

*I. The Creditor's Action for Postpetition Rent Violates the Discharge Injunction.*

The creditor's state court action for postpetition rent constitutes a violation of the discharge injunction. 11 U.S.C. § 502(g) treats a claim for postpetition damages for the breach of an unexpired prepetition lease as a prepetition claim that is discharged. *See Miller v. Chateau Communities, Inc. (In re Miller)*, 282 F.3d 874, 876-77 (6th Cir. 2001). Any debt owed a landlord on a lease deemed rejected by the trustee pursuant to 11 U.S.C. § 365(d)(1), including postpetition rent arrearages, is deemed a prepetition debt under 11 U.S.C. § 365(g)(1). *In re Miller*, 282 F.3d at 876-77. Pursuant to section 365(g)(1), the rejection is treated as a breach of the lease that took place immediately prior to the filing of the bankruptcy petition, and the attendant claim for the breach is treated as a prepetition claim. *See 4 Collier on Bankruptcy*, ¶ 502.08[2] at 502-68 (Alan N. Resnick ed., 16 ed., 2016). In addition, a debtor's discharge does not render her liable for postpetition rental payments under 11 U.S.C. § 554. *In re Miller*, 282 F.3d at 876 ("[W]e agree with the district court's analysis that plaintiff's discharge did not render her liable for postpetition rental payments under 11 U.S.C. § 554.").

8

Under 11 U.S.C. § 365(a), a trustee in a bankruptcy case may assume or reject any unexpired lease of the debtor.  Section 365(d)(1) provides as follows:

> In a case under Chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease is deemed rejected.

Since the trustee did not move to assume or reject the debtor's lease with the creditor, the lease was deemed rejected March 13, 2016, sixty days after the petition was filed.

Although the lease was deemed rejected on March 13, 2016, 11 U.S.C. § 365(g)(1) specifically provides that the rejection is treated as a breach that took place immediately prior to the filing of the bankruptcy petition.  This creates a prepetition debt on the part of the debtor that was discharged under section 727(b).  Accordingly, the lessor becomes an unsecured creditor with a prepetition claim for damages due to rejection of the lease under section 365(d)(1).  *In re Miller*, 282 F.3d at 877.

The creditor in this case seeks to fall within a possible exception that the Sixth Circuit identified in *Miller* but deemed inapplicable to the facts in *Miller*. The landlord in *Miller* argued that, notwithstanding the debtor's discharge, the

9

estate's interest in the lease was abandoned to the debtor after discharge and the debtor assumed the obligation on the lease by leaving her mobile home on the landlord's lot. *In re Miller*, 282 F.3d at 878. The Sixth Circuit rejected this argument because the debtor did not use her mobile home or occupy the lot after the rejection of the lease. *Id*. Instead, the debtor moved away before filing for bankruptcy and indicated her intent to abandon the mobile home in her petition. *Id*. Upon filing her petition for relief, the debtor's assets, including the mobile home, became property of the estate. *Id*. (citing 11 U.S.C. § 541). Therefore, the Sixth Circuit determined that the landlord could not properly look to the debtor for any obligations associated with the mobile home as it was no longer the debtor's. *Id*. In addition, the mobile home was sold in foreclosure before the bankruptcy case was closed and before any residual property of the estate was abandoned to the debtor under section 554(c). *Id*.

In the present case, the Court rejects the creditor's argument that the debtor assumed the obligation of the lease and is liable for postdischarge rent because he remained on the premises after discharge. The Court rejects this argument for several reasons.

First, unless the property is abandoned by the trustee after notice and hearing under 11 U.S.C. § 554(a), or is abandoned on request of a party in interest

10

and after court order under section 554(b), the property is not abandoned to the debtor until the time of closing.  11 U.S.C. § 554(c).  *Accord In re Thompson-Mendez*, 321 B.R. 814, 819 (Bankr. D. Md. 2005).  The debtor's case has yet to be closed, so there is no abandonment.

The creditor contends that the holding in *In re Werbinski*, 271 B.R. 514, 517 (Bankr. E.D. Mich. 2001) should apply to this case.  There, the bankruptcy court held that the automatic rejection of a month-to-month lease pursuant to section 365(d)(1) did not terminate the lease, but rather "effected an abandonment back to the debtors of their rights in the leases."  271 B.R. at 517.  Therefore, the landlord was free to pursue remedies in state court, including eviction or the collection of postrejection rents.  *Id*.  *Werbinski* was decided before the Sixth Circuit's decision in *Miller*, in which the Sixth Circuit held that a claim for postpetition damages for the breach of an unexpired prepetition lease is a prepetition claim that is discharged.  To the extent that *Werbinski* suggests a different result, the Court respectfully disagrees.  The debtor's case has yet to be closed, so there is no abandonment of the debtor's interest in the lease.

Second, while there may be some circumstances where a debtor and landlord may be deemed to have entered into a postpetition agreement to assume a lease or tenancy, the facts of this case do not support any such postpetition

11

assumption.  *See e.g.*, *Johnson v. Manatee Bay Apartments Corp. (In re Johnson)*, 460 B.R. 328, 328-30 (Bankr. S.D. Fla. 2011) (debtor and landlord were deemed to have entered into a postpetition agreement to assume a lease when the debtor continued to make rental payments accepted by the landlord throughout the bankruptcy proceedings and after the discharge).  If the debtor and the landlord were deemed to have entered into a postpetition agreement to assume the lease, then the damages caused by the failure to pay rent would not stem from a rejection of the lease under section 365(g)(1) and would not be deemed to have arisen prepetition.  *In re Johnson*, 460 B.R. at 329.

In this case, the debtor was behind on rental payments before he filed for bankruptcy (Docket No. 1, Schedule E/F), did not make any rental payments during bankruptcy, and did not make any rental payments postdischarge (Docket No. 43).  Nor does the creditor argue that he delayed eviction efforts because the debtor offered to make payments.  Rather, the creditor asserts that the debtor assumed the lease by virtue of the debtor's indication on his statement of intent of his intent to assume the lease.  The Court rejects this argument for two reasons.  First, the debtor should not have included the real property lease on the form because the form is only for *personal* property leases, such as car leases.  Second, the form is only an invitation to commence the procedures for assumption

12

under 11 U.S.C. § 365(p).  The creditor must agree and, arguably, a reaffirmation agreement must be filed with the Court.  *Compare Thompson v. Credit Union Fin. Grp.*, 453 B.R. 823, 828 (W.D. Mich. 2011) (reaffirmation agreement required for debtor to assume unexpired personal property lease under § 365(p)); *In re Garaux*, No. 12-60995, 2012 WL 5193779 (Bankr. N.D. Ohio Oct. 19, 2012) (same) *with In re Perlman*, 468 B.R. 437 (Bankr. S.D. Fla. 2012) (reaffirmation agreement not required).  There is no indication that the creditor agreed to the debtor's continued use of the leased property or entered into a reaffirmation agreement.  Rather, everything in the record suggests that the creditor wanted the debtor evicted. *See, e.g.,* Docket Nos. 9 and 12 (motions for relief from stay and abandonment for eviction purposes).

This Court agrees with the line of cases that hold that holdover tenants are not liable for postpetition rent simply because they wait for landlords to take the steps to complete an eviction action.  *See Baxter v. Summerfield Inv. Grp., LLC, (In re Baxter)*, No. 14-00386, 2015 WL 6122158 (Bankr. D. Md. Oct. 15, 2015) (creditor's action for postpetition rent, including period when debtor continued to occupy premises, violated the discharge injunction).  If simply remaining on the premises and awaiting eviction were sufficient to justify a postpetition judgment not subject to discharge, then section 502(g) would have little application.

13

In *Meadows v. Hagler*, *(In re Meadows)*, 428 B.R. 894, 902 (Bankr. N.D. Ga. 2010), the bankruptcy court held that a landlord violated the discharge injunction when he sought to collect a prepetition debt from a debtor who had continued to live in the rental property for fifteen months after filing the petition for bankruptcy. 428 B.R. at 902. When the debtor filed for bankruptcy, he was three-and-a-half months behind on rent, but the debtor did not schedule the landlord as an unsecured creditor and gave no indication that he intended to have the debt discharged. *Id*. at 899. Because assumption of the lease did not occur, the lease was automatically deemed rejected under section 365(d)(1), and the debtor did not reaffirm any obligation to the landlord under section 524(c). *Id*. at 899. Still, the debtor stayed in the residence and made payments postpetition for fifteen months, which the landlord accepted. *Id*. The debtor never paid off the three-and-a-half month debt, so the landlord sought and obtained a state court judgment against the debtor for the rental obligation. *Id*. at 900. The bankruptcy court held that the landlord sought to collect a prepetition debt in violation of the discharge injunction. *Id*. at 902. The bankruptcy court recognized that the property remained subject to an express lease and that the landlord had not demonstrated the existence of a tenancy at will. *Id*. The lease was only rejected, which constitutes a breach of the lease, not a termination. *Id*. (citing

14

11 U.S.C. § 365(g)).

A third reason for rejecting the argument that postdischarge rent survives a debtor's discharge is the statutory cap on damages contained in section 502(b)(6). This section, which caps damages resulting from the termination of a lease of real property, contemplates postpetition rent as part of the prepetition claim. Awarding a separate postpetition claim for rent that survives discharge would be inconsistent with section 502(b)(6).

A fourth reason for rejecting the argument that postdischarge rent survives a debtor's discharge is the special nondischargeability provision for postpetition condominium fees in 11 U.S.C. § 523(a)(16). If postpetition condominium fees automatically survive discharge because they are a postpetition obligation caused by the debtor's continued ownership interest in the premises after bankruptcy, there would be no need for this special exception to discharge. Rather, Congress added this provision in 1994 as an exception to the general rule that damages from the rejection of executory contracts and unexpired leases become prepetition claims that are discharged under section 727. *See 4 Collier on Bankruptcy*, ¶ 523.24 at 523-130 (Alan N. Resnick ed., 16 ed., 2016).

Even if a creditor, under certain circumstances, might have a monetary claim against a debtor for postdischarge rent that survives the debtor's discharge,

15

the specific claim sought by the creditor in this case appears to be without merit. First, it appears that Ohio law does not permit a claim for quantum meruit or unjust enrichment when a written agreement already exists. *Bergmoser v. Smart Document Solutions, LLC,* 268 Fed. Appx. 392, 396 (6th Cir. 2008) citing *Delicom Sweet Goods of Ohio, Inc. v. Mt. Perry Foods, Inc.*, No. 04 CA 4, 2005 WL 525185, at *4 (Ohio Ct. App. Mar. 2 2005). *Accord Coma Ins. Agency, Inc. v. Safeco Ins. Co.*, 2012 WL 12887707, at *5-6 (N.D. Ohio Aug. 31, 2012) citing *Corbin v. Dailey*, No. 08AP-802, 2009 WL 491739, at *4 (Ohio Ct. App. Feb. 26, 2009); *Lehmkuhl v. ECR Corp.*, No. 06 CA 039, 2008 WL 5104747, at *5 (Ohio Ct. App. Dec. 2, 2008) ("Ohio law is clear that a plaintiff may not recover under the theory of unjust enrichment or quasi-contract when an express contract covers the same subject."). *See also Main Street at Exton, L.P., v. Metro (In re Metro)*, 2008 WL 1348665 at *2 (Bankr. E.D. Pa. April 7, 2008) (quantum meruit claim for postpetition rent unavailable under Pennsylvania law because there was already a written agreement).

Second, the record before this Court suggests that the creditor itself is responsible for the failure to take timely action that allowed the debtor to remain on the premises beyond April 28, 2016. The creditor could have moved for relief from stay shortly after receiving notice of the debtor's bankruptcy. Indeed, the

16

creditor's agent filed a flawed motion for relief from stay and abandonment for eviction purposes on March 4, 2016, but then withdrew it. In addition, the creditor could have sought to have the stay annulled under section 362(d), could have sought expedited relief under section 362(f), or could have sought a determination that any order granting relief from stay have immediate effect under Bankruptcy Rule 4001(a)(3).

Accordingly, the Court concludes that the creditor's action for postpetition rent violates the discharge injunction.

## II. The Creditor Had Specific Knowledge of the Debtor's Bankruptcy Discharge and Acted Willfully.

The discussion thus far establishes that the creditor's action for postpetition rent constitutes a violation of the discharge injunction; however, the debtor also seeks sanctions in the nature of civil contempt for the creditor's purportedly willful violation of the discharge injunction. The Sixth Circuit has established the burden of proof for civil contempt:

> In order to support a motion for civil contempt, a plaintiff has the burden of establishing by clear and convincing evidence that [the defendant] violated a definite and specific order of the court requiring [the defendant] to perform or refrain from performing a particular act or acts with knowledge of the court's order. . . . There is no requirement to show intent beyond knowledge of the order.

*CFE Racing Products, Inc. v. BMF Wheels, Inc.*, 793 F.3d 571, 598

17

(6th Cir. 2015) (internal citations and quotation marks omitted); *In re Stewart*,

499 B.R. at 573 (quoting *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998)).

*But see SEC v. First Choice Mgt. Servs., Inc.*, 678 F.3d 538, 544-45 (7th Cir.

2012) (Posner, J.) (citing *Grogan v. Garner*, 498 U.S. 279, 286 (1991), and other

cases) (suggesting in dicta that the large body of case law requiring clear and

convincing evidence to prove civil contempt "is in tension with the Supreme

Court's insistence on a presumption in favor of the less onerous standard of

preponderance of the evidence in federal civil cases").

> In order to sanction a party for violating § 524(a), a court must
> determine that the creditor's actions were willful, "*i.e.*, whether the
> creditor deliberately acted with [actual] knowledge of the bankruptcy
> case." *In re Waldo*, 417 B.R. 854, 891 (Bankr. E.D. Tenn. 2009);
> [*In re Gunter*, 389 B.R. 67, 72 (Bankr. S.D. Ohio 2008)]. "[A] willful
> violation [of § 524(a) ] does not require any specific intent. Rather,
> the question is simply whether, having knowledge of the . . .
> discharge injunction, the creditor's actions were intentional."
> [*In re McCool*, 446 B.R. 819, 823 (Bankr. N.D. Ohio 2010)]. A
> creditor's mistaken belief that its actions were lawful or did not
> violate § 524(a) is not a defense to a contempt action. *Id*. ("[A]
> willful violation of the . . . discharge injunction may still exist even
> though the creditor believed in good faith that its actions were
> lawful."); *Waldo*, 417 B.R. at 892.

*In re Martin*, 474 B.R. 789 (table), 2012 WL 907090 at *6 (B.A.P. 6th Cir. 2012).

The debtor has established by clear and convincing evidence that the

creditor had knowledge of the discharge injunction when the creditor, on

September 23, 2016, moved in state court for leave to file an amended complaint seeking money damages against the debtor for the time that the debtor remained on the premises after his bankruptcy discharge. The creditor received notice of the discharge sent by first class mail on April 30, 2016 (Docket No. 30) and again on August 1, 2016 (Stipulation I).

The creditor also received notice of the cautionary language in the Court's Memorandum of Opinion dated August 26, 2016: "Given the debtor's discharge, any such eviction action would be limited to restitution of the premises and would not include a money judgment" (Docket No. 35 at 15). The creditor took action after notice of the discharge at its peril. A creditor subject to an injunctive order in a bankruptcy case must obey that order, even if it has proper grounds to object to that order, until that order is modified or reversed. *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995). If the creditor fails to challenge the injunction in the bankruptcy court or to appeal the bankruptcy court's ultimate decision to the district court or Court of Appeals, the creditor must obey the order. *Celotex*, 514 U.S. at 306. Nor can a state court modify a discharge injunction. *Hamilton v. Herr (In re Hamilton)*, 540 F.3d 367, 373-74 (6th Cir. 2008) (a state-court judgment that modifies the discharge order is a legal nullity and void *ab initio*). The Court concedes that some case law suggests that the creditor's action might

19

not violate the discharge injunction. Nevertheless, the prudent step, particularly in light of the Court's cautionary language, would have been for the creditor to seek a determination from this Court before taking action that ran counter to the language in this Court's order.

Accordingly, the creditor acted willfully by pursuing a claim for money damages against the debtor with knowledge of the debtor's discharge regardless whether the creditor believed in good faith that its actions were lawful.

*In re Martin*, 474 B.R. at *6.

> *III. Having Established that the Creditor Acted in Contempt of the Discharge Order, the Court Awards, as a Sanction, a Portion of the Debtor Attorney's Fees for the Creditor's Violation of the Discharge Injunction.*

"If contempt is established, the injured party may be able to recover damages as a sanction for the contempt." *In re Caravona*, 347 B.R. 259, 267 (Bankr. N.D. Ohio 2006) (citing *Chambers v. Greenpoint Credit (In re Chambers)*, 324 B.R. 326, 329 (Bankr. N.D. Ohio 2005)). Additionally, the Court may award "attorney fees to a debtor injured by a contemptible violation of the discharge injunction." *In re Chambers*, 324 B.R. at 329-30 (discussing *In re Miller)* 282 F.3d 874 (6th Cir. 2002)).

Generally, damages in contempt proceedings are meant to vindicate the affront to a court order, and not compensate private harm, but "[t]he modern trend

20

in civil contempt proceedings is for courts to award actual damages for violations of § 524's discharge injunction, and, where necessary to effectuate the purposes of the discharge injunction, a debtor may be entitled to reasonable attorney fees." *Lassiter v. Moser (In re Moser)*, Nos. 09-8067, 09-8068, 2010 WL 4721239, *5 (B.A.P. 6th Cir. Nov. 23, 2010) (quoting *Miles v. Clarke (In re Miles)*, 357 B.R. 446, 450 (Bankr. W.D. Ky. 2006)). An award of damages for a violation of the discharge injunction is within the Court's discretion. *In re Perviz*, 302 B.R. 357, 370 (Bankr. N.D. Ohio 2003).

Based on the totality of the circumstances, the Court orders the creditor to dismiss the state court action and pay the debtor $900 in attorney's fees within thirty days of the date of this order. The Court acknowledges that the debtor's attorney likely spent more than three hours of time addressing the discharge injunction issue. The Court balances this cost with the creditor's delay in obtaining relief from stay and pursuing a timely eviction action. The creditor's delay permitted the debtor to stay on the premises for over six months after filing for bankruptcy without paying the $1,300 per month provided for in the lease. As a result, the Court declines to impose monetary sanctions beyond $900 in attorney's fees at this time. *See In re Meadows*, 428 B.R. at 911 (court ordered landlord to dismiss state court action to remedy the violation of discharge

21

injunction but did not impose monetary sanctions); *In re Thompson-Mendez*,

321 B.R. at 820 (court declined to award damages for landlord's violation of

automatic stay because debtor remained in possession of apartment without

paying rent).

If the creditor timely complies with this order to dismiss the state court

action, the Court anticipates that no further sanctions will be appropriate. Should

the creditor fail to timely comply with the order, however, further sanctions may

be warranted, such as per day penalties to compel compliance or an award of

additional attorney's fees. Should the creditor seek to appeal this Court's decision

or seek postjudgment relief, it would be incumbent on the creditor to move this

Court for a stay pending appeal. *See* Fed. R. Bankr. P. 8007. In such

circumstances, the Court would presumably insist on the creditor posting a

supersedeas bond sufficient to cover the full attorney's fees of the debtor in

defending such appeal, should the decision of this Court be affirmed.

Punitive damages are not appropriate in a civil contempt proceeding for

violation of a discharge injunction. *See Cox v. Zale Delaware, Inc.*, 239 F.3d 910,

916-17 (7th Cir. 2001). An award of punitive damages for contempt of a

discharge injunction sounds in the nature of criminal contempt and therefore lies

beyond the authority of a bankruptcy judge. *See, e.g., Knupfer v. Lindblade*,

322 F.3d 1178 (9th Cir. 2003) (bankruptcy court may not impose punitive sanctions pursuant to section 105(a) contempt authority); *Griffth v. Oles (In re Hipp, Inc.)*, 895 F.2d 1503, 1521 (5th Cir. 1990) (bankruptcy courts have no inherent or statutory power to preside over criminal contempt trials); *Holley v. Oliver (In re Holley)*, 473 B.R. 212, 216 (Bankr. E.D. Mich. 2012) (collecting cases).

## CONCLUSION

For the reasons stated above, the Court finds that the creditor willfully violated the discharge injunction.  Absent a stay of this order pending postjudgment relief or appeal, the Court orders the creditor to dismiss the state court action and pay the debtor $900 within thirty days of the date of this order.

IT IS SO ORDERED.

23